UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN JAMES, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION NO. 4:18-11960-TSH |
| v. | ) ) | |
| COLLETTE GOGUEN, | ) ) | |
| Respondent. | ) ) | |

## ORDER AND MEMORANDUM ON PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY (Docket No. 27)

**December 4, 2019**

**HILLMAN, D.J.**

Steven James ("James") filed a Petition for a Writ of Habeas Corpus with this Court in accordance with 28 U.S.C. § 2254. (Docket No. 1). He asserted the following grounds of relief:

**Ground One**: The Massachusetts gatekeeper provision is an unfair roadblock that deprived James of post-Miller review, violating his Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Two**: Newly discovered juvenile brain science is material to the Commonwealth's burden, and the state judgments and decisions violate James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Three**: Based on *Miller* and new juvenile brain science, the jury instructions violated James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Four**: James' trial attorney provided ineffective assistance of counsel.

**Ground Five**: The mandatory nature of the two life sentence judgments, i.e. his original sentence without the possibility of parole and his current sentence with the possibility of parole, without an individual sentencing hearing for juvenile defendants or an evidentiary hearing or consideration of *Miller* factors or any appeal to a full appellate court, is contrary to and an unreasonable application

1

of Supreme Court precedent and violates James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Six**: The state court's decision to deny an evidentiary hearing was contrary to and an unreasonable application of Supreme Court precedent and violated James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Seven**: In light of *Miller* and the new scientific evidence of the under-developed juvenile brain, a new trial is required because the statutory law at the time of James' 1995 trial – which automatically sent 17-year-old juveniles to adult Superior Court without any judicial mitigation review or a juvenile transfer hearing – is unconstitutional as applied to 17-year-old juveniles, and violated James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Eight**: In light of *Miller* and pre-existing Supreme Court jury instruction precedent and the new scientific evidence of the under-developed juvenile brain, a new trial is required because a jury must determine whether James' adolescent brain formed the necessary intent for murder, yet the jury was not presented with evidence regarding James' juvenile mitigation and unreasonably was not instructed on James' juvenile mitigation issues as they related to the Commonwealth's burden of proof, in violation of James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**Ground Nine**: At the time of James' trial there was no way to present an exculpatory juvenile mitigation defense based on the inadequate state of the law and science, such that a true and just verdict was never reached, in violation of James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and the state court decisions are contrary to and an unreasonable application of Supreme Court precedent and based on an unreasonable determination of the facts.

**Ground Ten**: The Massachusetts murder statute used to indict, convict and sentence James is unconstitutional as applied to juveniles because, after striking the unconstitutional portions of the statute, the remaining statutory language is incapable of functioning independently and is therefore void for vagueness and violates James' Fifth, Sixth, and Fourteenth Amendment rights, and the state court decisions are contrary to and an unreasonable application of Supreme Court precedent and based on an unreasonable determination of the facts.

**Ground Eleven**: Because evidence about James' mental disorders in DSM-V is both new and material to the verdict and contradicts the Commonwealth's trial expert witness on issues relevant to the degree of guilt, the trial without this evidence and the resulting conviction and sentences violated James' Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and the state court decisions are contrary to and an unreasonable application of Supreme Court precedent and based on an unreasonable determination of the facts.

**Ground Twelve**: The state court decision declining to hold that seventeen-year-old James had a right to consult in person with an interested and informed adult before any interrogation or waiver of rights (despite applying that right to other juvenile defendants), and holding that a juvenile's initial request not to speak to police does not need to be scrupulously honored, is contrary to and an unreasonable application of Supreme Court precedent, an unreasonable determination of facts, and violated James' Fifth, Sixth, Eight, and Fourteenth Amendment rights.

**Ground Thirteen**: The grand jury was not properly instructed on the law of mitigation, in violation of James' Fifth, Sixth, and Fourteenth Amendment rights, and the state court decisions are contrary to and an unreasonable application of Supreme Court precedent and based on an unreasonable determination of the facts.

**Ground Fourteen**: There was a substantive Sixth Amendment violation of James' right to a public trial, and the Massachusetts state court decisions on waiver and the requirement to show prejudice on a structural error are contrary to and an unreasonable application of federal law in violation of James' Fifth, Sixth, and Fourteenth Amendment rights.

**Ground Fifteen**: The cumulative impact of all of the errors and the newly available evidence shows a clear violation of James' rights under the Fifth, Sixth, and Fourteenth Amendments, and the state court decisions are contrary to and an unreasonable application of Supreme Court precedent and based on an unreasonable determination of the facts.

Collette Goguen ("Respondent") moved to dismiss. (Docket No. 15). I referred the motion to Magistrate Judge Hennessy for a Report and Recommendation. (Docket No. 19). Judge Hennessy recommended allowing it. (Docket No. 20). He determined that James' Petition was a second or successive petition which he had filed without authorization from the First Circuit. And because James' claims would have been barred on the merits by the statute of limitations even if it were not a second or successive petition, he recommended dismissing the case rather than transferring it to the First Circuit.

By Order dated October 24, 2019, I accepted and adopted Judge Hennessy's Report and

Recommendation and dismissed the Petition. (Docket Nos. 23 & 24). This Order addresses whether Petitioner is entitled to a certificate of appealability. For the reasons set forth below, I find that he is not.

## Discussion

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

Judge Hennessy painstakingly reviewed the record and case law addressing the effect of *Miller v. Alabama*, 567 U.S. 460 (2012), in concluding that the trial judge's act of striking parole ineligibility from James' life sentence did not constitute a new, intervening judgment between James' original habeas petition in 1999 and the instant petition. I am not convinced that reasonable jurists could debate this point. But even if they could, Judge Hennessy also determined that James' Petition would be time-barred on the merits, and this finding is unassailable. The relevant juvenile brain science cited by James is more than a year old. And as

the state has already remedied the *Miller* violation by striking ineligibility for parole, *see Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016) ("A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."), reasonable jurists could not debate whether *Miller* restarted the clock on his claims for additional relief, which fall outside the scope of the right granted by *Miller*. I therefore deny a certificate of appealability with respect to all grounds for relief asserted in the Petition.

## Conclusion

Petitioner is ***denied*** a certificate of appealability as to all his claims.

 **SO ORDERED**

***/s/ Timothy S. Hillman*** 
**TIMOTHY S. HILLMAN** 
**DISTRICT JUDGE**
